Puerto Rico Cap & Tires Sales Corporation, Petitioner, *v.* District Court of San Juan, Emilio S. Belaval, Judge, Respondent; Rolando Olivieri et al., etc., Interveners.

No. 1728. Argued February 13, 1948. Decided March 15, 1948.

*Fernando B. Fornaris* and *Fernando Fornaris, Jr.,* for petitioner; *Ramón Cancio* and *Pedro Santana,* counsel of the Department of Labor, for interveners, plaintiffs in the main actions.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Rolando Olivieri filed, in the Municipal Court of San Juan a complaint against the Puerto Rico Cap & Tires Sales Corporation, and alleged that he was employed by the defendant as General Inspector of Tires, from January 22 to October

22, 1945, at an agreed weekly salary of $20.16; that the contract entered into by the parties was without a fixed time or term of duration; and that on October 22, 1945, the defendant, without just cause or justifiable reason discharged the plaintiff, without first paying him the sum of $80.64. He prayed that the defendant be adjudged to pay to him said sum, that is, one month's salary. The defendant answered and specifically denied that the plaintiff had been discharged without just cause or justifiable reason, and on the contrary alleged that the plaintiff ceased in his employment by reason of the lack of work and activity in the factory of the defendant for further utilizing the services of the plaintiff.

The District Court of San Juan rendered judgment in favor of the plaintiff. Feeling aggrieved by that decision, the defendant instituted the present proceeding to review said judgment.

 Section 1 of Act No. 43 of April 28, 1930, as amended by Act No. 84 of May 12, 1943 (Laws of 1943, p. 196), provides:

"Section 1.—Every employee of an industry or other lucrative business whose services are contracted for without a definite term, *who is discharged without just cause*, shall be entitled to receive as indemnity from his employer, in addition to such salary as he may have earned, one month's salary; *Provided*, That the provisions of this Act shall not be applicable to commercial shop-clerks or factors, to whom the provisions of the Code of Commerce shall apply." (Italics ours.)

The only question to be considered and decided is whether "the lack of work and activity in the factory of the defendant for further utilizing the services of the plaintiff" constitutes the "just cause" which authorizes the employer to discharge an employee without being bound to pay him one month's salary as indemnity.

The evidence introduced by the plaintiff shows that when he was paid for the last week he was told that he was dismissed from the employment until further no-

tice, because there was little work; that when the plaintiff started to work for the defendant, in January 1945, there were forty-one employees in the factory, and when he left the employment in October of the same year, about twenty or twenty-five employees remained. The defendant introduced in evidence a letter dated October 27, 1947, written by the company to the President of the Union of the Tire Industry, advising the latter that by reason of the lack of work, and until further notice, ten workmen had been laid off, among whom was the plaintiff Olivieri. The Superintendent of the company testified that the only reason for eliminating those workmen was the lack of work due to a lack of tires; that the company had a contract with the Army for recapping 1,700 tires per month, said contract being subject to rescission by the Army at any time; that on October 10, 1945, the Army notified the defendant that the contract would not be cancelled at once and that the few tires which it had on hand would be sent for recapping, but that as soon as new tires were received to supply its needs the contract would be cancelled; that 70 per cent of the output of the factory was for the Army and 30 per cent for the public; that it was at the end of October that the decrease in the production of tires was noticed. The documentary evidence introduced by the company shows that in the month of September, 1945, 1,768 tires were recapped and there were 43 employees at that time; in October 1,610 tires were recapped by 33 employees; and in November 762 tires were recapped, the number of workmen being gradually reduced as the work diminished until March, 1946, when the number of employees was reduced to 7. The superintendent went on to testify that the reduction from 43 to 7 in the number of workmen was due solely to the lack of tires, as the restriction on the sales thereof had been withdrawn; that in addition to their wages the workmen were paid a bonus which was charged to operating expenses and that this money came out of the

funds of the corporation; and that the company closed its first year of business with a net loss of $167.74.

Both our Civil Code and the Spanish Code provide that the workmen hired for a certain work "can not leave or be dismissed without sufficient cause, before the fulfillment of the contract."

Our Civil Code, § 1476, and the Spanish Civil Code, § 1586, prescribe that workmen hired for a certain time or for a certain work can not leave or be dismissed without sufficient cause, before the fulfillment of the contract. Act No. 84 of 1943, *supra,* made that right extensive to workmen whose services were contracted for without a definite term.

Manresa in his Commentaries (vol. 10, 4th ed., p. 668), referring to § 1586 of the Spanish Civil Code states:

"As to what should be considered a just cause, the Code is silent and the question is for the courts. The doctrine set out in Sections 21 and 22 of the Labor Code may serve as a criterion, although to the grounds enumerated in the latter Code there may be added others which are analogous to them. Just grounds in favor of the employer—says § 21—for terminating the contract before the expiration of the term, are the following: 1st. Repeated nonobservance of the conditions peculiar to the contract. 2d. The lack of due confidence in the activities or in the kind of work in which the workman may be engaged. 3d. Mistreatment or serious lack of respect or consideration on the part of the workman towards the employer, his family or his representative, and towards fellow workmen. . . .

"The prohibition to leave or be dismissed without just cause set forth in Section 1586, implies the obligation by the party who arbitrarily terminates the contract to pay an indemnity to the other party. The Code does not expressly so state; but really there was no need for such a statement, inasmuch as the obligation is a result of the noncompliance with the contract. The amount of the indemnity shall be determined by the courts. The rigorous character of the principle suggests that once the dismissal has been adjudged arbitrary or unjustifiable, the party who is bound to pay the indemnity shall be considered as a debtor in bad faith. However, we think, that the courts will act quite sanely by deviating from that rigorous course and weighing the attendant circumstances of each case."

As may be seen, it is incumbent on the courts, after taking into consideration the facts and special circumstances of each case, to determine whether the discharge of the workman was well founded or whether it was arbitrary or unjustifiable. The obligation to indemnify a workman who has been discharged, where the contract of employment was made without a definite term, is not an absolute one. That obligation arises where he is arbitrarily or unnecessarily discharged without any just cause, reason or ground justifying the employer in dispensing with the services of the workman. The decisions cited by the intervener workman [1] are not applicable herein, as they refer to cases in which the discharged workman has been engaged for a fixed term or for a certain work.

There is no controversy as to the fact that the cause which gave rise to the discharge of the intervener workman was the lack of work and activity in the factory of the defendant corporation. That is not a cause which may be characterized as arbitrary or unjust. It would be unjust to compel an employer whose factory has been destroyed by fire to pay to every one of his employees, whom he no longer needs, one month's salary. It would be equally unjust to compel him to make such a payment, where by reason of the lack of raw material for continuing the work, the employer has had to reduce the number of workmen or to close his factory. The purpose of the lawmaker has been to protect the workman in his right to continue in his employment and not to be discharged arbitrarily, that is, without just cause, and substituted by another workman, provided that the employer continues his activities and needs the services of such a workman. *Rodríguez* v. *District Court*, 65 P.R.R. 576.

The judgment under review will be set aside and the case remanded to the lower court with instructions to render judg-

[1] 35 Am. Jur., *Master and Servant*, § 40, p. 473, 474; and 32 Am. Jur. 467, 468.

ment for the defendant. The judgments rendered in civil cases Nos. 3013, 2968, 610, 611, 2865, 468, 474, 471, 560, 470, 556, 559, 555, 958, 475, 467, 469, 2969, 557, 472 and 558, which were jointly tried and decided in same manner, will also be set aside and the cases remanded to the lower court with instructions to render judgment for the defendant in each of said cases.